828 F.2d 19
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry DUPLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-3950
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Terry Dupler appeals from an order of the United States District Court for the Southern District of Ohio granting summary judgment to the Secretary on plaintiff's claim for disability and disability insurance benefits.
 
 
 2
 The sole dispute in this appeal is whether the plaintiff can do sedentary work as defined in 20 C.F.R. Sec. 404.1567. Plaintiff has not worked since 1983 and he cannot do his past work, which required heavy lifting. The medical impairments relevant to the dispute are lower back pain caused by lumber disc derangement combined with spinal fusion, and neck pain caused by cervical strain with osteoarthritis in the cervical spine. Although the ALJ found that these impairments are severe, he found that they do not prevent plaintiff from doing the full range of sedentary work and that plaintiff's contrary assertion based on pain was not credible.
 
 
 3
 The ALJ supported his conclusions with the medical reports of Drs. Henry Hood and Reuben Flores. Dr. Flores, who is plaintiff's family physician, reported that despite the neck pain plaintiff 'can sit, stand, and walk for four hours each out of an eight-hour day.' Dr. Hood, who treated plaintiff for his lower back problem, reported that in an eight-hour day plaintiff can sit for three hours, stand for two hours, and walk for three hours. The ALJ stated: 'Although both physicians were somewhat inconsistent in their evaluation of the claimant's physical capabilities, both reported physicial capabilities consistent with a full range of sedentary work.'
 
 
 4
 Dr. D.D. Kackley performed a disability evaluation at the request of plaintiff's attorney. He concluded that plaintiff is 'incapable of any substantial gainful activity.' The ALJ found that the medical evidence did not support Dr. Kackley's conclusion.
 
 
 5
 Plaintiff argues that under any view of the evidence he cannot do sedentary work, which 'generally involve[s] sitting for six hours out of an eight hour work day.' Wages v. Secretary of HHS, 755 F.2d 495, 498 (6th Cir. 1985). Plaintiff also argues that the ALJ was required to accept Dr. Kackley's report over the reports of Drs. Hood and Flores because only Dr. Kackley considered both the back problem and the neck problem.
 
 
 6
 The court is of the opinion that plaintiff's reliance upon Wages is misplaced because Drs. Hood and Flores did not explicitly preclude the possibility that plaintiff could sit for more than three or four hours a day. As for the fact that Drs. Hood and Flores could report on only part of plaintiff's problems, any harm to plaintiff from this was self-inflicted, because plaintiff chose to isolate different problems for each doctor's consideration. Therefore, the ALJ was not required to accept Dr. Kackley's report over those of Drs. Hood and Flores.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.